IRVING, J.,
CONCURRING IN PART, DISSENTING IN PART:
¶ 58. With deference to the majority’s views, I dissent from its holding that Bracken is not a joint tort-feasor for purpose of apportionment under Miss.Code Ann. § 85-5-7(7) (1972). The Mississippi Supreme Court’s construction of this statute in Estate of Hunter, 729 So.2d 1264 (Miss.1999) leaves no room for equivocation on this issue. That is made certain by the following quote from Hunter: “This Court holds that the term ‘party’, as used in § 85-5-7(7), refers to any participant to an occurrence which gives rise to a lawsuit, and not merely the parties to a particular lawsuit or trial.” Id at 1276.
¶ 59. I also dissent from the majority’s conclusion that the jury’s apportionment of fault to Ladner, Bracken’s employee, equates to constructive apportionment of fault to Bracken. I agree with the majority that a corporation acts through its agents and employees. However, Ladner was a common laborer, not a member of the board of directors of Bracken or its management level personnel. I know of no authority holding that the actions of a corporate employee at this low level may be equated to the actions of the corporation.
¶ 60. While I appreciate the majority’s argument as to why Bracken should not be included in the apportionment process, I cannot ignore the clear holding of the Mississippi Supreme Court which makes it *1291 impossible to arrive at the result reached by the majority on the apportionment issue without refusing to follow precedent set by our Supreme Court. Since I cannot distinguish Hunter, and because I do not believe an employee at Ladner’s level can be considered the alter ego of Bracken, I must part company with the majority on this issue.
¶ 61. I also disagree with the majority’s reasoning for upholding the trial court’s ruling excluding the results of the drug test from the evidence in this case. However, I do believe the trial judge’s decision should be upheld because, in my opinion, the record here is insufficient to warrant a finding that the trial judge erred, although his reason may not have been sufficiently grounded.
¶ 62.1 arrive at my position on this point because I believe the record is insufficient to warrant a finding that Anderson acted properly or improperly in obtaining the evidence and that the resolution of the issue of whether the drug test evidence was properly excluded should be premised not on Anderson’s actions but on whether the evidence was relevant. The record is devoid of evidence sufficient for us to make such determination. Therefore, I would uphold the trial judge’s exclusion of the drug test results. Anderson did not make a proffer evidencing a sufficient relevant basis to support admission of the evidence. The fact that Ladner had a drug in his system at the time of the accident, without more, is not relevant to the question of his contributory negligence in the accident. Since Anderson made no proffer of how this evidence was relevant to the issue being tried, I would hold that it did not preserve the issue for proper review. My treatment of this issue should not be interpreted to mean that a finding of misconduct on Anderson’s part in obtaining the drug test and result is immaterial to the decision to admit the drug test evidence. I simply find that the record here is insufficient to make such a finding. In a proper case, I would agree with the majority that misconduct on the part of the proponent of the evidence in obtaining the evidence should preclude its admission.
¶ 63. I concur with the reasoning and result reached by the majority on the other issues. However, I would reverse and remand for a new trial so that the issue of apportionment can be placed before the jury.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.